IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA,          )
                                   )
            Plaintiff,             )
                                   )
        v.                         )     Criminal Action No.
                                   )     02-00116-03-CR-W-FJG
STEVE L. WRIGHT, JR.,              )
                                   )
            Defendant.             )

**REPORT AND RECOMMENDATION**
**REGARDING GOVERNMENT'S AND DEFENDANT'S**
**CHALLENGES TO PROSPECTIVE JURORS FOR CAUSE**

Before the court are the government's challenges and suggested excusals regarding prospective jurors (document number 413) and defendant's preliminary challenges for cause as to prospective jurors (document number 407). The challenges will be divided into groups, and then discussed in prospective juror order.

**I.   *UNOPPOSED STRIKES FOR CAUSE/HARDSHIP THAT SHOULD BE GRANTED***

The following individuals sent letters to the court after the jury questionnaires had been completed and requested to be excused from jury duty based on hardship. I held a teleconference on July 10, 2006, during which the parties posed no objection to the court excusing these individuals for hardship. Therefore, it is

RECOMMENDED that these jurors' requests to be excused for hardship should be granted:

**Juror #29**:  Per a letter from Juror #29, he has plans to attend an out-of-state family wedding during the time of this trial.

**Juror #93**:  Per a letter from Juror #93, she has a vacation planned during the time of the trial.

**Juror #118**:  Per a letter from a medical doctor, Juror #118 recently underwent a knee replacement and prolonged sitting will interfere with her recovery.

## II.  *OPPOSED STRIKES FOR CAUSE/HARDSHIP THAT SHOULD BE GRANTED*

**Juror #15**:  Per a letter from Juror #15, she recently suffered substantial residential fire damage and needs to begin the repairs, which will take several months.

**Juror #65**:  Per a letter from the Manager of Juror #65, she is a facilities manager and an integral part of a business acquisition scheduled to close during the time of this trial.

**Juror #77**:  Per a letter from the supervisor of Juror #77, she works in the financial assistance office at a university and her absence would be a hardship to the students and the university should she be gone during the beginning of the academic year.

**Juror #84**:  Per a letter from the supervisor of Juror #84, she is the lead paralegal in more than 1,200 Fen Phen cases, and a tremendous amount of time and effort will be required during August through November to consummate settlement awards and

2

coordinate the disbursal of funds. In addition, there are only four other paralegals in the office.

**Juror #101:** The defendant requests that Juror #101 be stricken for cause because he believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang, he would automatically believe cooperating witnesses, he has moral or religious convictions that prevent him from sitting in judgment of another, he would be unable to render a verdict without allowing sympathy and prejudice to influence his decision, he was be too intimidated by the nature of the charges, he would find it difficult to view photographs of autopsies and crime scenes, and he would be so upset by the evidence of the charges against defendant that his participation would be meaningless. The government has no objection to Juror #101 but requests additional voir dire on the juror's not liking guns, not understanding the question about witnesses with plea agreements, the juror's hearing difficulties, the juror believing the government should not record conversations, the juror's intimidation by the charges, the juror's concerns over viewing photographs of crime scenes and autopsies, and the juror's beliefs which may prevent him from judging another person.

It is

RECOMMENDED that the motion to strike for cause be granted because primarily on the following reasons:

- Juror #101 stated that he has hearing difficulties (85).

- Juror #101 stated that he has regular doctor appointments (85).

- Juror #101 stated that his left leg goes numb after sitting for one hour (86).

In addition, Juror #101 had the following concerns:

- Juror #101 stated that he could not be fair and impartial in this case because he does not like guns (56h).

- Juror #101 stated that he does not understand what it means to have a plea agreement and testify (80).

- Juror #101 stated that he would be unable to render a verdict without allowing sympathy or prejudice to influence his decision (94).

- Juror #101 stated that he would be unable to render a verdict based only on the evidence and the law (95).

- Juror #101 stated that he does not believe the government should be allowed to make consensual recordings (96).

- Juror #101 stated that he would be so intimidated by the nature of the charges that he does not feel he would be able to serve (98).

- Juror #101 stated that he has moral or religious convictions that may prevent him from sitting in judgment of another (106).

- Juror #101 stated that he has concerns about viewing photographs of crime scenes and autopsies (107).

- Juror #101 stated that murder is a crime that is particularly upsetting to him (112).

**Juror #125**: The defendant requests that Juror #125 be stricken for cause because he believes an individual who is a

member of a street gang is more prone to violence or crime than one not a member of a street gang.  The government has no objection to Juror #125 but requested additional voir dire on the issue of financial hardship.

It is

RECOMMENDED that the request to strike for cause be granted because Juror #125 is a self-employed farmer in Carrollton and the trial will run through his harvest time.

### III. FOLLOW UP VOIR DIRE RECOMMENDED

**Juror #2:**  The government requests Juror #2 be stricken for cause because Juror #2 may have moral or religious beliefs which would not allow her to judge another, and she would automatically believe the testimony of witnesses with plea agreements although she did say she would render a verdict based on the court's instructions and the evidence without sympathy or prejudice.  The defendant requests that Juror #3 be stricken for cause because she would automatically believe cooperating witnesses and she has moral or religious convictions that prevent her from sitting in judgment of another person.

It is

RECOMMENDED that the requests to strike for cause be denied. The court should follow up with individual voir dire with Juror #2 to ascertain whether Juror #2 would be able to follow the law as instructed by the court and render a verdict based on that law

5

and the facts as found unanimously by the jury.  Specifically,

the court should follow up on these responses:



☐ Juror #2 stated that she would automatically believe the testimony of a witness who received a plea agreement, regardless of the content of the plea agreement (80).  She did, however, indicate she could render a verdict without allowing sympathy or prejudice to influence her decision (94) and could render a verdict based only on the law and evidence (95).

☐ Juror #2 answered that she does have moral or religious convictions that may prevent her from sitting in judgment of another person (106).

☐ Juror #2 stated that she has someone sick and elderly to care for which would cause a hardship to her if selected to be on the jury (85).

**Juror #3**:  The government requests Juror #3 be stricken for

cause because the juror might not be able to judge another, is a

member of Narcotics Anonymous, her husband is on parole for drug

offenses, she believes that criminal prosecutors are not fair,

she believes marijuana should be legalized, she believes the

government should not be allowed to record any conversations, she

believes the government unfairly targets some groups for

prosecution, and she claims to have experienced discriminatory

and unfair treatment from members of law enforcement.  The

defendant requests that Juror #3 be stricken for cause because

she believes an individual who is a member of a street gang is

more prone to violence or crime than one not a member of a street

gang.

        It is

RECOMMENDED that the requests to strike for cause be denied. The following answers by Juror #3 reflect only her opinions and do not indicate that she would be incapable of rendering a fair and just verdict:

- Being a member of Narcotics Anonymous.

- Having a husband on parole for a drug offense.

- Having a general impression that criminal prosecutors are "not fair".

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #3 stated that she has had no significant contact, education, background, or training concerning street gangs.

The court should follow up with individual voir dire with Juror #3 to ascertain whether Juror #3 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:



☐ Juror #3 was asked, "Would anything about your beliefs make it difficult for you to sit in judgment of another person?" and Juror #3 checked, "possibly" (43).

☐ Juror #3 was asked her opinions about marijuana, and she first checked, "It should be a crime to possess it" and "It should be a crime to sell it". She then marked through those check marks and checked, "It should be legal to possess it" and "It should be legal to sell it" (82).

☐ Juror #3 marked "yes" in response to the question, "Do you believe that the government should not be allowed to obtain evidence of criminal activity through the use of [consensual] recordings?" (96).

☐ Juror #3 answered that she believes certain groups are being unfairly targeted by the government for criminal prosecution (97).

☐ Juror #3 has experienced what she believes was discrimination or unfair treatment by a member of law enforcement (100).

☐ Juror #3 answered that she does have moral or religious convictions that may prevent her from sitting in judgment of another person (106).

**Juror #5:** The government requests that Juror #5 be excused because the juror has vision problems, back trouble, and cannot sit for long periods of time. The defendant requests that Juror #5 be stricken for cause because she has moral or religious convictions that prevent her from sitting in judgment of another person, she would be unable to render a verdict without allowing prejudice and sympathy to influence her decision, and she would be too intimidated by the nature of the charges.

It is

8

RECOMMENDED that the requests to excuse and strike for cause be denied. The court should follow up with individual voir dire with Juror #5 to ascertain whether Juror #5 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:



☐ Juror #5 stated that she suffers from vision problems and she is not able to sit for a long time because of her back (85).

☐ Juror #5 indicated she has beliefs which would make it difficult for her to sit in judgment of another (43) and she has moral or religious convictions that may prevent her from sitting in judgment of another (106).

☐ Juror #5 indicated that she cannot render a verdict without allowing sympathy or prejudice to influence her decision (94) and cannot render a verdict based only on the evidence and the law (95).

☐ Juror #5 indicated that she feels so intimidated by the charges of murder and attempted murder that she feels unable to serve as a juror (98).

☐ Juror #5 indicated that she has concerns about viewing photographs of crime scenes and autopsies (107).

**Juror #7:** The defendant requests that Juror #7 be stricken for cause because he believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang. The government does not object to Juror #7 but requests further voir dire on his financial hardship, his belief that drugs should be legalized, and his belief that the government should not be able to record conversations.

It is

9

RECOMMENDED that the request to strike for cause be denied. The following answers by Juror #7 reflect only his opinion and do not indicate that he would be incapable of rendering a fair and just verdict:

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #7 stated that he has had no significant contact, education, background, or training concerning street gangs.

- Stating that drugs should be "legalized and controlled" as a way to solve the problem of crime (72, 82, 83).

The court should follow up with individual voir dire with Juror #7 to ascertain whether Juror #7 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:

☐ Juror #7 indicated that he is unemployed and is currently seeking employment with three companies in California, a hospital in Nevada, and one other company. He has his house on the market and is planning to move to California as soon as it sells (85).

☐ Juror #7 marked "yes" in response to the question, "Do you believe that the government should not be allowed to obtain evidence of criminal activity through the use of [consensual] recordings?" (96).

**Juror #8:** The defendant requests that Juror #8 be stricken for cause because he believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang. The government has no objection to Juror #8 but requests additional voir dire on the juror's hearing

10

problems and his belief that marijuana and cocaine should be legalized.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #8 reflects only his opinion and does not indicate that he would be incapable of rendering a fair and just verdict:

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #8 stated that he has had no significant contact, education, background, or training concerning street gangs.

The court should follow up with individual voir dire with Juror #8 to ascertain whether Juror #8 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on this response:

☐ Juror #8 stated that he believes it should be a crime to possess marijuana and cocaine, it should be a crime to sell marijuana and cocaine, it should be legal to possess marijuana and cocaine, and it should be legal to sell marijuana and cocaine (82, 83).

☐ Juror #8 indicated he suffers from hearing problems (85).

**Juror #11:** The defendant requests that Juror #11 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than

11

one not a member of a street gang. The government has no objection to Juror #11 but requests additional voir dire on this juror's plans to be in California during the trial.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #11 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #11 stated that she has had no significant contact, education, background, or training concerning street gangs.

The court should follow up with individual voir dire with Juror #11 on the following response:

Juror #11 stated that she has long-standing plans to see her daughter in a lead role in a play in California during the trial (85).

**Juror #16:** The defendant requests that Juror #16 be stricken for cause because she would automatically believe cooperating witnesses. The government requests additional voir dire of Juror #16 based on the juror's automatic belief of cooperating witnesses and her belief that the government should not be allowed to record conversations.

It is

RECOMMENDED that the request to strike for cause be denied. The court should follow up with individual voir dire with Juror

12

#16 to ascertain whether Juror #16 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on this response:

> ☐ Juror #16 indicated that she would automatically believe witnesses with a plea agreement if they were under oath (80).
>
> ☐ Juror #16 marked "yes" in response to the question, "Do you believe that the government should not be allowed to obtain evidence of criminal activity through the use of [consensual] recordings?" (96).

**Juror #20:** The defendant requests that Juror #20 be stricken for cause because he believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang. The government has no objection to Juror #20.

It is

RECOMMENDED that the request to strike for cause be denied. The court should follow up with individual voir dire with Juror #20 to ascertain whether Juror #20 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:

> ☐ Juror #20 worked as a corrections officer from 1993 through 2002 (14). He stated he had gang training at the Department of Corrections (105) and believes that an individual who is a member of a gang would be more prone to violence or crime than one who is not (104).

13

**Juror #22:**  The defendant requests that Juror #22 be stricken for cause because he believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang.  The government has no objection to Juror #22.

It is

RECOMMENDED that the request to strike for cause be denied. The court should follow up with individual voir dire with Juror #22 to ascertain whether Juror #22 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:

☐ Juror #22 stated that his cousins were in several gangs, and he believes that an individual who is a member of a gang is more prone to violence or crime than one who is not in a gang (104, 105).

**Juror #23:**  The defendant requests that Juror #23 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang, she indicated she is biased in favor of the prosecution, and she would be too intimidated by the charges against defendant.  The government has no objection to Juror #23 but requests additional voir dire on the juror's intimidation by the charges and her knowledge of some witnesses.

It is

14

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #23 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #23 stated that she has had no significant contact, education, background, or training concerning street gangs.

The court should follow up with individual voir dire with Juror #23 to ascertain whether Juror #23 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:



☐ Juror #23 indicated that criminal prosecutors are wanting to do what is best for society while criminal defense attorneys are not the best for society (74, 75).

☐ Juror #23 indicated that she feels so intimidated by the charges of murder and attempted murder that she feels unable to serve as a juror (98).

☐ Juror #23 indicated she knows Kirstin Alberts, Melanie Bartch, Robert Blehm, Keith Kirchoff, and Timothy Perry, all of whom are on the witness list (113).

**Juror #25:** The defendant requests that Juror #25 be stricken for cause because he believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang and because he would feel so

15

intimidated by the nature of the charges that he would be unable to serve as a juror. The government has no objections to this juror.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #25 reflects only his opinion and does not indicate that he would be incapable of rendering a fair and just verdict:

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #25 stated that he has had no significant contact, education, background, or training concerning street gangs.

The court should follow up with individual voir dire with Juror #25 to ascertain whether Juror #25 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on this response:

☐ Juror #25 indicated that he feels so intimidated by the charges of murder and attempted murder that he feels unable to serve as a juror (98).

**Juror #34:** The defendant requests that Juror #34 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang and because she would feel so intimidated by the nature of the charges that she would be unable to serve as a juror. The government has no objections to this

16

juror.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #34 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

☐ Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #34 stated that she has had no significant contact, education, background, or training concerning street gangs.

The court should follow up with individual voir dire with Juror #34 to ascertain whether Juror #34 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on this response:

☐ Juror #34 indicated that she feels so intimidated by the charges of murder and attempted murder that she feels unable to serve as a juror (98).

**Juror #35:** The defendant requests that Juror #35 be stricken for cause because he believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang and because he indicated he is biased in favor of the prosecution. The government has no objections to this juror but requests additional voir dire on the person's back problems.

It is

17

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #35 reflects only his opinion and does not indicate that he would be incapable of rendering a fair and just verdict:

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #34 stated that she has had no significant contact, education, background, or training concerning street gangs.

The court should follow up with individual voir dire with Juror #35 to ascertain whether Juror #35 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on this response:

---

☐ Juror #35 indicated that the problem with the criminal justice system is "opportunistic lawyers" and that her general impression of criminal defense attorneys is "less than favorable!" (73, 75).

☐ Juror #35 indicated that she has a back problem which makes it hard for her to sit for extended lengths (86).

---

**Juror #40:** The government requests that Juror #40 be stricken for cause because Juror #40 indicated he would believe defense experts over government experts, he favors the legalization of marijuana, and he does not believe the government should be allowed to record conversations. The defendant has no objection to Juror #40.

It is

18

RECOMMENDED that the request to strike for cause be denied.
The court should follow up with individual voir dire with Juror
#40 to ascertain whether Juror #40 would be able to follow the
law as instructed by the court and render a verdict based on that
law and the facts as found unanimously by the jury.
Specifically, the court should follow up on these responses:



☐ Juror #40 indicated that he would trust expert witnesses
called by the defense more than those called by the prosecution
(79).

☐ Juror #40 was asked his opinions about marijuana, and he
checked, "It should be legal to possess it" and "It should be
legal to sell it" (82).

☐ Juror #40 indicated that if he were chosen to serve on the
jury, he would suffer financial hardship (85). In addition, he
indicated he does not know how long he will be paid while
serving on jury duty (109).

☐ Juror #40 marked "yes" in response to the question, "Do you
believe that the government should not be allowed to obtain
evidence of criminal activity through the use of [consensual]
recordings?" (96).

**Juror #41:** The defendant requests that Juror #41 be
stricken for cause because Juror #41 indicated he would allow
prejudice and sympathy to influence his decision, he would find
it difficult to view photographs of autopsies, and he would be so
upset by the evidence of the charges against defendant that his
participation would be meaningless. The government has no
objection to Juror #41 but requests additional voir dire on the

19

juror's inability to judge another, his vision problems, his claims to have read about the case, and his intimidation by the nature of the charges.

It is

RECOMMENDED that the request to strike for cause be denied. Defendant's claim that Juror #41 indicated he would allow prejudice and sympathy to influence his decision is not supported by the questionnaire. In response to the question, "Can you render a verdict without allowing sympathy or prejudice to influence your decision in any way?", Juror #41 checked, "yes" (94). In response to the question, "Can you render a verdict based only on the evidence and the law as instructed by the court?", Juror #41 checked, "yes".

Defendant's claim that Juror #41 would have difficulty viewing photographs of autopsies is not supported by the questionnaire. In response to the question, "You may be asked to view certain pictures during this trial that depict crime scenes, autopsies and other events that some individuals may find difficult to view. Do you have any concerns about reviewing such photographs?", Juror #41 checked, "no" (107).

The court should follow up with individual voir dire with Juror #41 to ascertain whether Juror #41 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury.

20

Specifically, the court should follow up on these responses:



☐ Juror #41 indicated he has vision problems (85).

☐ Juror #41 indicated he has read or heard something concerning this case either in the newspaper, on radio, or television (93).

☐ Juror #41 indicated that he feels so intimidated by the charges of murder and attempted murder that he feels unable to serve as a juror (98).

☐ Juror #41 indicated that there is "possibly" something about his beliefs that would make it difficult for him to sit in judgment of another, and he has moral or religious convictions that may prevent him from sitting in judgment of another (43, 106).

☐ Juror #41 stated that the crime of murder is particularly upsetting (112).

**Juror #44:** The defendant requests that Juror #44 be stricken for cause because Juror #44 indicated she has moral or religious convictions that prevent her from sitting in judgment of another, she would allow prejudice and sympathy to influence her decision, she would be so intimidated by the nature of the charges that she would be unable to serve, she would find it difficult to view photos of autopsies, and she would be so upset by the evidence of the charges against defendant that her participation would be meaningless. The government has no objection to Juror #44 but requests additional voir dire on the juror's alleged back problems.

It is

21

RECOMMENDED that the request to strike for cause be denied. Defendant's claim that Juror #44 would be so intimidated by the nature of the charges that she could not serve is not supported by the questionnaire. In response to question number 98, she stated that she would <u>not</u> feel so intimidated by the nature of the charges that she would feel unable to serve. Defendant's claim that Juror #44 has moral or religious convictions that prevent her from sitting in judgment of another is not supported by the questionnaire. In response to question number 106, Juror #44 stated that she had <u>no</u> moral or religious convictions that would prevent her from sitting in judgment of another. Defendant's claim that Juror #44 will find it difficult to view photos of autopsies is not supported by the questionnaire. In response to question number 107, Juror #44 stated that she would <u>not</u> have any concerns about viewing such photographs.

The court should follow up with individual voir dire with Juror #44 to ascertain whether Juror #44 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:



☐ Juror #44 indicated she was unsure whether she could render a verdict without allowing sympathy or prejudice to influence her decision, and that she would try the best should could to render a verdict based only on the evidence and the law (94, 95).

☐ Juror #44 indicated she attended an educational seminar on street gangs and believes that an individual in a street gang is more prone to crime and violence than one not in a gang (104, 105).

☐ Juror #44 indicated that crimes of a violent nature without reasoning are beyond recrimination (112).

☐ Juror #44 stated that she had back surgery last year and it is hard for her to sit for long periods (86).

☐ Juror #44 stated that she is a single parent of two children who have music/cheer/swim camps/practices, and she is scheduled to teach technology classes to new teachers the first half of August (85).

**Juror #46:** The defendant requests that Juror #46 be stricken for cause because she has moral or religious convictions that prevent her from sitting in judgment of another, she would be so intimidated by the nature of the charges she would be unable to serve, and she would find it difficult to view photographs of autopsies. The government has no objection to Juror #46 but requests additional voir dire on her inability to render a verdict based on the evidence and law.

It is

RECOMMENDED that the request to strike for cause be denied. The defendant's complaints are all unsupported by the questionnaire. Juror #46 stated that she has no moral or religious convictions that prevent her from sitting in judgment

23

of another (106), she stated that she would not be intimidated by the nature of the charges (98), and she stated that she would not find it difficult to look at photographs of autopsies or crime scenes (107).

The court should follow up with individual voir dire with Juror #46 to ascertain whether Juror #46 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:

☐ Juror #46 said she could not render a verdict without allowing sympathy ore prejudice to influence her decision (94).

☐ Juror #46 stated that she could not render a verdict based only on the evidence and the law as instructed by the court (95).

**Juror #47**: The government requests that Juror #47 be stricken because he believes federal law enforcement personnel do a poor job, he is undergoing counseling for cocaine addiction, he believes law enforcement officers use excessive force, and he believes the government should not record conversations. Defendant requests that Juror #47 be stricken for cause because he believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang.

It is

24

RECOMMENDED that the requests to strike for cause be denied. The following answers by Juror #47 reflect only his opinions and do not indicate that he would be incapable of rendering a fair and just verdict:

- Although Juror #47 stated he believed federal law enforcement agencies did a poor job, he stated that local law enforcement is doing a fair job in his community.

- Although the government states in its motion that this juror is "currently" undergoing counseling for cocaine addiction, the questionnaire asks if the person has "ever" undergone counseling, treatment, or hospitalization for things such as drug addiction. This 54-year-old juror answered, "yes" and wrote, "cocaine addiction". There is no indication that the counseling is current or even recent.

- The questionnaire asks whether the person believes there are problems with the "criminal justice system" and he wrote, "excessive force".

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #47 stated that he has had no significant contact, education, background, or training concerning street gangs.

The court should follow up with individual voir dire with Juror #47 to ascertain whether Juror #47 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:

Case 4:02-cr-00116-HFS   Document 432   Filed 07/12/06   Page 25 of 82

☐ When did Juror #47 engage in counseling for cocaine addiction, and will that experience interfere with his ability to render a fair and just verdict (65).

☐ Juror #47 marked "yes" in response to the question, "Do you believe that the government should not be allowed to obtain evidence of criminal activity through the use of [consensual] recordings?" (96).

**Juror #50**:  The defendant requests that Juror #50 be stricken because he believes that a member of a street gang is more prone to violence and crime, he has moral or religious convictions that prevent him from sitting in judgment of another, he indicated he could not render a verdict without allowing sympathy and prejudice to influence his decision, and he would be too intimidated by the nature of the charges against defendant. The government has no objection to Juror #50 but requests additional voir dire on the juror's beliefs regarding judging others.

It is

RECOMMENDED that the requests to strike for cause be denied. The defendant's allegation that Juror #50 indicated he would be unable to render a verdict without allowing prejudice and sympathy to influence his decision is not supported by the questionnaire.  In response to question numbers 94 and 95, Juror #50 stated that he would be able to render a verdict without allowing sympathy or prejudice to influence his decision and could render a verdict based only on the evidence and the law.

Case 4:02-cr-00116-HFS   Document 432   Filed 07/12/06   Page 26 of 82

The following answer by Juror #50 reflects only his opinion and does not indicate that he would be incapable of rendering a fair and just verdict:

  ▫ Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #50 stated that he has had no significant contact, education, background, or training concerning street gangs.

The court should follow up with individual voir dire with Juror #50 to ascertain whether Juror #50 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:

---

☐ Juror #50 stated that there is "possibly" something about his beliefs that would make it difficult for him to sit in judgment of another, and he does have moral or religious convictions that may prevent him from sitting in judgment of another (43, 106).

☐ Juror #50 indicated that he feels so intimidated by the charges of murder and attempted murder that he feels unable to serve as a juror (98).

---

**Juror #54:** The defendant requests that Juror #54 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang. The government has no objection to Juror #54 but requests additional voir dire on the alleged financial hardship.

It is

27

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #54 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

□ Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #54 stated that she has had no significant contact, education, background, or training concerning street gangs.

The court should follow up on the following response:

□ Juror #54 stated that she would suffer a financial hardship as her employer does not pay while employees are on jury duty (85).

**Juror #55**: The defendant requests that Juror #55 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang and she would be so upset by the evidence of the charges against defendant that her participation would be meaningless. The government has no objection to Juror #55.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #55 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

□ Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #55 stated

28

that she has had no significant contact, education, background, or training concerning street gangs.

The court should follow up with individual voir dire with Juror #55 to ascertain whether Juror #55 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on this response:

☐ Juror #55 stated that the crime of murder is particularly upsetting (112).

**Juror #56**: The government requests that Juror #56 be stricken because he would automatically disbelieve any expert witness or any witness with a plea agreement, he favors the legalization of marijuana, he believes the government unfairly targets groups for prosecution, and he has a conviction for non-support. Defendant requests that Juror #56 be stricken for cause because he believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang, he would automatically believe cooperating witnesses, and he would be more likely to believe witnesses introduced by the government.

It is

RECOMMENDED that the requests to strike for cause be denied. The following answers by Juror #56 reflect only his opinions and do not indicate that he would be incapable of rendering a fair and just verdict:

29

▫ Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #56 stated that he has had no significant contact, education, background, or training concerning street gangs.

I point out here that defendant argued that Juror #56 would "automatically believe cooperating witnesses"; however, the questionnaire states that Juror #56 would automatically "disbelieve" cooperating witnesses.

The court should follow up with individual voir dire with Juror #56 to ascertain whether Juror #56 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:

☐ Juror #56's conviction for non-support in 2003 (66).

☐ Juror #56 stated that he does not trust expert witnesses and would disregard anything such a witness would say (79).

☐ Juror #56 stated that he would automatically disbelieve testimony of any cooperating witness (80).

☐ Juror #56 was asked his opinions about marijuana, and he checked, "It should be legal to possess it" (82).

**Juror #57:** The defendant requests that Juror #57 be stricken for cause because he would be so intimidated by the nature of the charges that he would be unable to serve, he believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang, he has moral or religious convictions that prevent him from

30

sitting in judgment of another, and he would be so upset by the evidence of the charges against defendant that his participation would be meaningless. The government has no objection to Juror #57.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #57 reflects only his opinion and does not indicate that he would be incapable of rendering a fair and just verdict:

   ▫ Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #57 stated that he has had no significant contact, education, background, or training concerning street gangs.

The court should follow up with individual voir dire with Juror #57 to ascertain whether Juror #57 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:

---

☐ Juror #57 stated that if he or members of his family could be threatened by defendant's associates with revenge, he would feel so intimidated by the charges of murder and attempted murder that he may be unable to serve as a juror (98).

☐ Juror #57 stated that he does have moral or religious convictions that may prevent him from sitting in judgment of another person (106).

☐ Juror #57 stated that the crime of murder is particularly upsetting (112).

---

Case 4:02-cr-00116-HFS   Document 432   Filed 07/12/06   Page 31 of 82

**Juror #60:**  The defendant requests that Juror #60 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang.  The government has no objection to Juror #60 but requests additional voir dire on the juror's knowledge of the defendant and several potential witnesses.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #60 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #60 stated that she has had no significant contact, education, background, or training concerning street gangs.

The court should follow up with individual voir dire with Juror #60 to ascertain whether Juror #60 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:

☐ Juror #60 stated that she knows or has heard of Steve L. Wright, Jr., but she did not indicate how she knows him or has heard of him (76).

☐ Juror #60 indicated that she knows the following potential witnesses:  Christopher Bumpus, Scott Caron, Chris Fellows, Martin Healy, Tommy Nichols, John Pickens, and Chris Praschak.

32

**Juror #61:**  The defendant requests that Juror #61 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang and she would be so upset by the evidence of the charges against defendant that her participation would be meaningless.  The government has no objection to Juror #61.

It is

RECOMMENDED that the request to strike for cause be denied. The court should follow up with individual voir dire with Juror #61 to ascertain whether Juror #61 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:

☐ Juror #61 stated that she has known random people who became part of a street gang and members of gangs are more prone to violence and crime (104, 105).

☐ Juror #61 stated that the crime of murder is particularly upsetting (112).

**Juror #62:**  The defendant requests that Juror #62 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang and she feels so intimidated by the charges of murder and attempted murder that she feels unable

33

to serve as a juror.  The government has no objection to Juror #62.

     It is

     RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #62 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

> □ Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #62 stated that she has had no significant contact, education, background, or training concerning street gangs.

     The court should follow up with individual voir dire with Juror #62 to ascertain whether Juror #62 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on this response:

> □ Juror #62 stated that she feels so intimidated by the charges of murder and attempted murder that she feels unable to serve as a juror (98).

     **Juror #63:**  The defendant requests that Juror #63 be stricken for cause because she feels so intimidated by the charges that she feels unable to serve as a juror, she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang, and she

34

would be so upset by the evidence of the charges against defendant that her participation would be meaningless.  The government has no objection to Juror #63.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #63 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #63 stated that she has had no significant contact, education, background, or training concerning street gangs.

The court should follow up with individual voir dire with Juror #63 to ascertain whether Juror #63 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on this response:

☐ Juror #63 stated that she feels so intimidated by the charges of murder and attempted murder that she feels unable to serve as a juror (98).

☐ Juror #63 stated that any crime against another person is wrong as it affects not only the victim but the victim's entire family (112).

**Juror #64:**  The defendant requests that Juror #64 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang, she cannot render a verdict

35

without allowing sympathy or prejudice to influence her decision, and she cannot render a verdict based only on the evidence and the law as instructed by the court.  The government has no objection to Juror #64.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #64 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #64 stated that she has had no significant contact, education, background, or training concerning street gangs.

The court should follow up with individual voir dire with Juror #64 to ascertain whether Juror #64 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on this response:

☐ Juror #64 stated that she cannot render a verdict without allowing sympathy or prejudice to influence her decision (94).

☐ Juror #64 stated that she cannot render a verdict based only on the evidence and the law as instructed by the court (95).

**Juror #69:**  The defendant requests that Juror #69 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than

36

one not a member of a street gang.  The government has no
objection to Juror #69 but requests additional voir dire on her
familiarity with Terrence Diamond.

It is

RECOMMENDED that the request to strike for cause be denied.
The following answer by Juror #69 reflects only her opinion and
does not indicate that she would be incapable of rendering a fair
and just verdict:

- Believing that a member of a street gang is more likely to
  be prone to violence or to crime than one who is not a
  member of a street gang, especially since Juror #69 stated
  that she has had no significant contact, education,
  background, or training concerning street gangs.

The court should follow up with individual voir dire with
Juror #69 to ascertain whether Juror #69 would be able to follow
the law as instructed by the court and render a verdict based on
that law and the facts as found unanimously by the jury.
Specifically, the court should follow up on this response:

> ☐ Juror #69 stated that the name Terrence Diamond (a gang
> member and co-conspirator in this case) sounds familiar and she
> may know Gordon Herndon (113).

**Juror #70:**  The defendant requests that Juror #70 be
stricken for cause because she believes an individual who is a
member of a street gang is more prone to violence or crime than
one not a member of a street gang and because she is concerned
about viewing pictures of crime scenes and autopsies.  The
government has no objection to Juror #64.

37

It is

RECOMMENDED that the request to strike for cause be denied.
The court should follow up with individual voir dire with Juror
#70 to ascertain whether Juror #70 would be able to follow the
law as instructed by the court and render a verdict based on that
law and the facts as found unanimously by the jury.
Specifically, the court should follow up on these responses:

☐ Juror #70 stated that she worked in residential juvenile
detention facilities for almost four years and believes that
members of gangs are more prone to violence and crime (104,
105).

☐ Juror #70 stated that she has some concerns about viewing
photographs of crime scenes and autopsies (107).

**Juror #71:**  The defendant requests that Juror #71 be
stricken for cause because she believes an individual who is a
member of a street gang is more prone to violence or crime than
one not a member of a street gang, she would automatically
believe cooperating witnesses, she would be more likely to
believe witnesses introduced by the government, and she would be
so upset by the evidence of the charges against defendant that
his participation would be meaningless.  The government has no
objection to Juror #71 but requests additional voir dire on her
alleged financial hardship, her statement that some groups are
unfairly targeted for prosecution, and her being intimidated by
the nature of the charges in this case.

It is

38

RECOMMENDED that the request to strike for cause be denied. The defendant's claim that Juror #71 would be more likely to believe witnesses called by the prosecution is not supported by the questionnaire. Defendant cites question number 79. In response to that question, how the juror would judge expert testimony, she checked, "I would judge the testimony of an expert witness based upon education and experience of the expert, and the soundness of the reasons given for the expert's opinions, and not based upon which side calls the witness" (79). She then wrote, "I am somewhat suspicious of 'paid' experts but would still listen." Juror #71 did not indicate that she would consider prosecution expert witnesses any more favorably than defense expert witnesses.

The defendant's claim that Juror #71 would automatically believe cooperating witnesses is not supported by the questionnaire. Juror #71 stated that she would give the testimony of cooperating witnesses the weight she thought it deserved and would decide whether the testimony had been influenced by the hope of a reduced sentence. She then wrote, "Same questions apply to these witnesses as the experts. They are getting something in return." (80).

Defendant's claim that Juror #71 would be particularly upset hearing evidence about the crimes for which defendant is on trial is not supported by the questionnaire. In answer to the question

39

whether any particular crimes are particularly upsetting, Juror #71 wrote "Anything against a child or crimes of hatred – such as robbing someone or violence for no particular reason." (112). Defendant is not charged with a crime against a child, a hate crime, robbery, or violence for no particular reason. The evidence of violence admitted during the trial must be related to the conspiracy with which defendant is charged.

The court should follow up with individual voir dire with Juror #71 to ascertain whether Juror #71 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:



☐ Juror #71 stated that she has worked as a teacher in the Kansas City, Missouri, school district for 19 years, part of her staff development includes information on gangs, and she believes that a member of a gang is more likely to commit crimes or violence (11, 104, 105).

☐ Juror #71 stated that she will suffer a financial hardship if selected because she will not get paid by her employer. In addition, she is teaching summer school in July and August and cannot use personal or sick days. She needs to be in school the first two to three weeks of school to get her classroom set up for the year (85, 86).

☐ Juror #71 stated that she believes certain groups are being unfairly targeted by the government for criminal prosecution. She wrote, "I believe there is a lot of profiling going on." (97).

☐ Juror #71 stated that she would be so intimidated by the gang membership and the drug conspiracy that she would feel unable to serve. She wrote, "I work in the city – drive through these neighborhoods every day." (98).

40

**Juror #73:** The defendant requests that Juror #73 be stricken for cause because he believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang, he would automatically believe cooperating witnesses, and he would be more likely to believe witnesses introduced by the government. The government has no objection to Juror #73 but requests additional voir dire on the alleged financial hardship.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #73 reflects only his opinion and does not indicate that he would be incapable of rendering a fair and just verdict:

   ▢ Believing that a member of a street gang is more likely to
     be prone to violence or to crime than one who is not a
     member of a street gang, especially since Juror #73 stated
     that he has had no significant contact, education,
     background, or training concerning street gangs.

The defendant's claim that Juror #73 would be more likely to believe a government witness is not supported by the questionnaire. Defendant cited question number 79 to which Juror #73 wrote, "If they are indeed paid by the attorneys, I wouldn't be able to trust them". Juror #73 did not indicate that he would be more likely to believe an expert witness offered by the government.

41

The defendant's claim that Juror #73 would automatically believe a cooperating witness is not supported by the questionnaire. Juror #73 wrote, "It depends on the situation, but I'd have a hard time believing a criminal." (80).

The court should follow up with individual voir dire with Juror #73 on this response:

☐ Juror #73 stated that he was recently promoted at work. He works for his family's business and is in charge of hundreds of shipments every month. The business has 8 full-time employees. "It would put a huge stress on the business if I were to miss that much time." (85).

**Juror #74:** The defendant requests that Juror #74 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang, she is concerned about viewing pictures of crime scenes and autopsies, and she would be so upset by the evidence of the charges against defendant that her participation would be meaningless. The government has no objection to Juror #74.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #74 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

  ▫ Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #74 stated

that she has had no significant contact, education, background, or training concerning street gangs.

The court should follow up with individual voir dire with Juror #74 to ascertain whether Juror #74 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:



☐ Juror #74 stated that she has some concerns about viewing photographs of crime scenes and autopsies (107).

☐ Juror #74 stated that she is "not thrilled about any violent cases" (112).

☐ Juror #74 stated in response to any problems if being selected to serve, "My boss would have a fit - my customers need me - small office" (85).

**<u>Juror #76</u>**: The defendant requests that Juror #76 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang. The government has no objection to Juror #76 but requests additional voir dire on her husband's marijuana conviction, her brother's and friend's addictions to methamphetamine, and her belief that the government should not record conversations.

It is

RECOMMENDED that the request to strike for cause be denied. The following answers by Juror #76 reflect only her opinions and

Case 4:02-cr-00116-HFS   Document 432   Filed 07/12/06   Page 43 of 82

do not indicate that she would be incapable of rendering a fair and just verdict:

- Having a husband who was convicted of marijuana possession 16 years ago and got a suspended sentence, five years probation (67).

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #76 stated that she has had no significant contact, education, background, or training concerning street gangs.

The court should follow up with individual voir dire with Juror #76 to ascertain whether Juror #76 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:

□ Juror #76 stated that her brother and a friend had a problem with methamphetamine addiction (81).

□ Juror #76 marked "yes" in response to the question, "Do you believe that the government should not be allowed to obtain evidence of criminal activity through the use of [consensual] recordings?" (96).

**Juror #79:** The defendant requests that Juror #79 be stricken for cause because she has moral or religious convictions that would prevent her from sitting in judgment of others, she is intimidated by the nature of the charges, and she would find it difficult to view photographs of crimes scenes and autopsies. The government does not object to Juror #79 but requests follow up voir dire on the same issues as raised by defendant.

It is

44

RECOMMENDED that the motion to strike for cause be denied. The court should follow up with individual voir dire with Juror #79 to ascertain whether Juror #79 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:



☐ Juror #79 indicated that her beliefs would possibly make it difficult for her to sit in judgment of another, and that she has moral or religious convictions that prevent her from sitting in judgment of another (43, 106).

☐ Juror #79 indicated that the charges in this case are so intimidating that she would feel unable to serve (98).

☐ Juror #79 stated that she has concerns about reviewing photographs of crime scenes and autopsies (107).

**Juror #80:** The defendant requests that Juror #80 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang, she is concerned about viewing pictures of crime scenes and autopsies, and she would be so upset by the evidence of the charges against defendant that her participation would be meaningless. The government has no objection to Juror #80.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #80 reflects only her opinion and

Case 4:02-cr-00116-HFS   Document 432   Filed 07/12/06   Page 45 of 82

does not indicate that she would be incapable of rendering a fair and just verdict:

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #80 stated that she has had no significant contact, education, background, or training concerning street gangs.

The court should follow up with individual voir dire with Juror #80 to ascertain whether Juror #80 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:



☐ Juror #80 stated that she has some concerns about viewing photographs of crime scenes and autopsies (107).

☐ Juror #80 stated that she finds random violence very upsetting (112).

☐ Juror #80 stated in response to any problems if being selected to serve, "I would have to check with my employer – it would be a hardship without pay or if I lost my job" (85).

**Juror #81:** The defendant requests that Juror #81 be stricken for cause because he would automatically believe a witness with a plea agreement. The government has no objection to Juror #81 but requests additional voir dire on the same issue.

It is

RECOMMENDED that the request to strike for cause be denied. The court should follow up with individual voir dire with Juror #81 to ascertain whether Juror #81 would be able to follow the law as instructed by the court and render a verdict based on that

46

law and the facts as found unanimously by the jury.

Specifically, the court should follow up on this response:

☐ Juror #81 stated that he would automatically believe the testimony of a witness with a plea bargain, regardless of the content of the agreement (80).

**Juror #82:**  The defendant requests that Juror #82 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang, she is concerned about viewing pictures of crime scenes and autopsies, she would be so upset by the evidence of the charges against defendant that her participation would be meaningless, she indicated she would be unable to serve because she would allow prejudice and sympathy to influence her decision, and she would be too intimidated by the nature of the charges.  The government has no objection to Juror #81 but requests additional voir dire on the juror's inability to judge another person, her belief that the government unfairly targets some groups for prosecution, her intimidation by the charges, her inability to look at autopsy photographs, her possible financial hardship, and her back pain and inability to sit for long periods.

It is

47

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #82 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #82 stated that she has had no significant contact, education, background, or training concerning street gangs.

The defendant's claim that Juror #82 has moral or religious convictions that would prevent her from sitting in judgment of another person is not supported by the questionnaire. Juror #82 did not answer that question (106).

The court should follow up with individual voir dire with Juror #82 to ascertain whether Juror #82 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:

Case 4:02-cr-00116-HFS   Document 432   Filed 07/12/06   Page 48 of 82



☐ Juror #82 stated that she has some concerns about viewing photographs of crime scenes and autopsies (107).

☐ Juror #82 stated that her beliefs could possibly make it difficult for her to sit in judgment of another (43).

☐ Juror #82 stated that she would be unable to render a verdict without allowing sympathy to influence her decision (94).

☐ Juror #82 stated that she would be unable to render a verdict based only on the evidence and the law (95).

☐ Juror #82 stated that she believes the government unfairly targets certain groups for prosecution (97).

☐ Juror #82 stated that she would feel so intimidated by the charges in this case that she feels unable to serve as a juror (98).

☐ Juror #82 stated that she would suffer financial hardship if selected. She also stated that she has back problems from a car accident when she was 14 years old and she cannot sit for very long (85, 86).

**Juror #87:** The defendant requests that Juror #87 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang, she would allow prejudice and sympathy to influence her verdict, she would be intimidated by the nature of the charges, she would find it difficult to view photos of crime scenes or autopsies, she would be more likely to believe a government witness, and she would be so upset by the evidence of the charges against defendant that her participation would be meaningless. The government does not object to Juror #87 but requests additional voir dire on the juror's intimidation

Case 4:02-cr-00116-HFS   Document 432   Filed 07/12/06   Page 49 of 82

by the charges, her difficulty viewing autopsy photos, and her fear of driving in Kansas City.

It is

RECOMMENDED that the request to strike for cause be denied. The following answers by Juror #87 reflect only her opinions and do not indicate that she would be incapable of rendering a fair and just verdict:

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #87 stated that she has had no significant contact, education, background, or training concerning street gangs.

- Not being sure how she would consider expert testimony but writing "I hope it would be A", meaning she would judge the testimony based on the soundness of the opinions and not on which side called the expert.

The court should follow up with individual voir dire with Juror #87 to ascertain whether Juror #87 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:

50



☐ Juror #87 stated that she is not sure whether she could render a verdict without letting sympathy and prejudice influence her decision, and she is not sure whether she could render a verdict based only on the law and evidence (94, 95).

☐ Juror #87 stated that she would be so intimidated by the charges that she feels she would be unable to serve as a juror (98).

☐ Juror #87 stated that she has concerns about viewing photographs of crime scenes and autopsies (107).

☐ Juror #87 stated that murder is particularly upsetting to her (112).

☐ Juror #87 stated that she works for a small not-for-profit company and it would cause a hardship for her to miss that much work.  Also, she lives in St. Joseph and does not like to drive in downtown Kansas City (85, 86).

**Juror #92:**  The defendant requests that Juror #92 be stricken for cause because he believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang, and he would be so upset by the evidence of the charges against defendant that his participation would be meaningless.  The government has no objection to Juror #92.

It is

RECOMMENDED that the request to strike for cause be denied. The court should follow up with individual voir dire with Juror #92 to ascertain whether Juror #92 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:

Case 4:02-cr-00116-HFS   Document 432   Filed 07/12/06   Page 51 of 82



☐ Juror #92 attended classes on gangs during his time with the United States Department of Justice and believes that members of gangs are more prone to violence and crime (104, 105).

☐ Juror #92 stated that "all crimes are upsetting because they momentarily or longer had a terrorizing effect on the individuals" (112).

☐ Juror #92 stated in response to "Is there anything else you wish to bring to the attention of the court" the following: "Because of my past employment with U.S. DOJ, I could be perceived as being biased. In the past, I had to deal with the U.S. Attorney because of my job, most of my dealings were of a positive nature. During my time with USDOJ/CRS [Community Relations Service], I would periodically serve on committees convened by the U.S. Attorney, i.e., weed and seed, race relations. I would also consult with them on cases in progress and occasionally deal with them in planning conferences" (89).

**Juror #95**: The government requests Juror #95 be stricken for hardship because Juror #95 indicated his income would suffer greatly if chosen. The defendant requests that Juror #95 be stricken for cause because he believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang and because he would automatically believe cooperating witnesses.

It is

RECOMMENDED that the requests to strike for cause and hardship be denied. The following answer by Juror #95 reflects only his opinions and do not indicate that he would be incapable of rendering a fair and just verdict:

☐ Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a

52

member of a street gang, especially since Juror #95 stated
that he has had no significant contact, education,
background, or training concerning street gangs.

Defendant argues that Juror #95 would automatically believe
cooperating witnesses (question number 80); however, Juror #95
answered in response to question number 80, "I would give such
testimony the weight which I thought it deserved, and I would
decide whether I thought the testimony had been influenced by the
hope of receiving a reduced sentence." Juror #95 did not
indicate he would automatically believe the testimony of a
cooperating witness.

The court should follow up with individual voir dire with
Juror #95 on the following response:

☐ Juror #95 stated that an eight- to ten-week trial would cause
a financial hardship (85).

**Juror #100:** The defendant requests that Juror #100 be
stricken for cause because he believes an individual who is a
member of a street gang is more prone to violence or crime than
one not a member of a street gang, and he would be so intimidated
by the nature of the charges that he would be unable to serve.
The government has no objection to Juror #100.

It is

RECOMMENDED that the request to strike for cause be denied.
The following answer by Juror #100 reflects only his opinion and
does not indicate that he would be incapable of rendering a fair

Case 4:02-cr-00116-HFS   Document 432   Filed 07/12/06   Page 53 of 82

and just verdict:

◻ Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #100 stated that he has had no significant contact, education, background, or training concerning street gangs.

The court should follow up with individual voir dire with Juror #100 to ascertain whether Juror #100 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on this response:

☐ Juror #100 indicated that he feels so intimidated by the charges of murder and attempted murder that he feels unable to serve as a juror (98).

**Juror #103**: The government requests Juror #103 be stricken for cause because Juror #103 indicated he would disbelieve cooperating witnesses, he smoked a lot of marijuana in the past, he could not return a verdict unaffected by prejudice or sympathy, he could not base his verdict on the evidence at trial, and he might suffer financial hardship if chosen to serve. The defendant requests that Juror #103 be stricken for cause because he believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang, he would automatically believe cooperating witnesses, he could not return a verdict unaffected by prejudice or sympathy, and he could not base his verdict on the evidence at trial.

It is

54

RECOMMENDED that the requests to strike for cause be denied. The following answer by Juror #103 reflects only his opinion and does not indicate that he would be incapable of rendering a fair and just verdict:

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #103 stated that he has had no significant contact, education, background, or training concerning street gangs.

Defendant argues that Juror #103 would automatically believe cooperating witnesses; however, Juror #103 actually responded that he would automatically "disbelieve" such testimony. Both the government and the defendant argue that Juror #103 could not return a verdict unaffected by prejudice or sympathy and based on the evidence at trial. However, Juror #103 answered both of those questions "I don't know". He did not state that he could not render a verdict unaffected by prejudice or sympathy or that he could not return a verdict based on the evidence at trial.

The court should follow up with individual voir dire with Juror #103 to ascertain whether Juror #103 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:

55



☐ Juror #103 stated that he would not believe witnesses with plea agreements (80).

☐ Juror #103 stated that he does not know if he could render a verdict without allowing sympathy or prejudice to influence his decision (94).

☐ Juror #103 stated that he does not know if he could render a verdict based only on the evidence and the law as instructed by the court (95).

☐ Juror #103 indicated he would suffer some other problem with his employment if selected to serve (85).

**Juror #104**:  The government requests Juror #104 be stricken for cause because Juror #104 indicated he could not return a verdict unaffected by prejudice or sympathy, he could not base his verdict on the evidence at trial, and he believes the government should not be allowed to record any conversations. The defendant requests that Juror #104 be stricken for cause because he believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang, he could not return a verdict unaffected by prejudice or sympathy, he could not base his verdict on the evidence at trial, and he would be so upset by the evidence of the charges against defendant that his participation would be meaningless.

It is

RECOMMENDED that the requests to strike for cause be denied. The following answers by Juror #104 reflect only his opinions and

56

do not indicate that he would be incapable of rendering a fair
and just verdict:

- Believing that a member of a street gang is more likely to
  be prone to violence or to crime than one who is not a
  member of a street gang, especially since Juror #104 stated
  that he has had no significant contact, education,
  background, or training concerning street gangs.

- Believing that life threatening and emotionally harming
  crimes are particularly upsetting to him.

Both the government and the defendant argue that Juror #104
could not return a verdict based on the evidence at trial.
However, Juror #104 was asked, "Can you render a verdict based
only on the evidence and the law as instructed by the court?" and
he answered, "yes". He did not state that he would be unable to
render a verdict based on the evidence at trial.

The court should follow up with individual voir dire with
Juror #104 to ascertain whether Juror #104 would be able to
follow the law as instructed by the court and render a verdict
based on that law and the facts as found unanimously by the jury.
Specifically, the court should follow up on these responses:

☐ Juror #104 stated that he could not render a verdict without
allowing sympathy or prejudice to influence his decision (94)
yet he answered that he could render a verdict based only on
the evidence and the law (95).

☐ Juror #104 marked "yes" in response to the question, "Do you
believe that the government should not be allowed to obtain
evidence of criminal activity through the use of [consensual]
recordings?" (96).

57

**Juror #109**:  The defendant requests that Juror #109 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang and she would be more likely to believe witnesses introduced by the government.  The government has no objections to Juror #109.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #109 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

□ Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #109 stated that she has had no significant contact, education, background, or training concerning street gangs.

The defendant argues that Juror #109 would automatically believe cooperating witnesses.  However, Juror #109 was asked how she would consider expert testimony.  She wrote, "A and D Witnesses sometimes are not good for a case."  It is unclear whether she is referring to the choices A and D, which are that (A) the person would judge the testimony of an expert witness based on the soundness of the reasons and not by which side calls the witness and (D) the person does not trust expert witnesses and would disregard anything such a witness would say.

58

The court should follow up with individual voir dire with Juror #109 to ascertain whether Juror #109 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on this response:

☐ Juror #109 stated that expert witnesses sometimes are not good for a case, and possibly referred to considering expert testimony properly or disregarding anything such a witness would say (79).

**Juror #111**: The defendant requests that Juror #111 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang and she would be so intimidated by the charges she would be unable to serve. The government has no objections to Juror #111 but requests additional voir dire on the juror's overactive bladder, her belief that the government should not be able to record conversations, her belief that the government unfairly targets groups for prosecution, her intimidation by the nature of the charges, and her belief that she has been the victim of unfair treatment by law enforcement.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #111 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

59

▫ Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #111 stated that she has had no significant contact, education, background, or training concerning street gangs.

The court should follow up with individual voir dire with Juror #111 to ascertain whether Juror #111 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:



☐ Juror #111 stated that she has an overactive bladder and requires frequent bathroom breaks (85).

☐ Juror #111 stated that she does not believe the government should be allowed to make consensual recordings (96).

☐ Juror #111 stated that she believes certain groups are unfairly targeted by the government for criminal prosecution (97).

☐ Juror #111 stated that she is somewhat intimidated by the nature of the charges (98).

☐ Juror #111 believes she has been the victim of discrimination or unfair treatment by a member of law enforcement (100).

**Juror #112**: The defendant requests that Juror #112 be stricken for cause because she would find it difficult to view certain photographs and therefore would not be able to hear or see all of the evidence in an unbiased manner. The government has no objection to Juror #112.

It is

RECOMMENDED that the requests to strike for cause be denied. The court should follow up with individual voir dire with Juror

60

#112 to ascertain whether Juror #112 would be able to follow the
law as instructed by the court and render a verdict based on that
law and the facts as found unanimously by the jury.
Specifically, the court should follow up on this response:

> ☐ Juror #112 stated that short term viewing of pictures of
> crime scenes or autopsies would be OK but "longtime review of
> gory photos makes me ill" (107).

**Juror #120**:  The defendant requests that Juror #120 be
stricken for cause because she believes an individual who is a
member of a street gang is more prone to violence or crime than
one not a member of a street gang and she would be so upset by
the evidence of the charges against defendant that her
participation would be meaningless.  The government has no
objection to Juror #120.

It is

RECOMMENDED that the request to strike for cause be denied.
The following answer by Juror #120 reflects only her opinion and
does not indicate that she would be incapable of rendering a fair
and just verdict:

> ▯ Believing that a member of a street gang is more likely to
>   be prone to violence or to crime than one who is not a
>   member of a street gang, especially since Juror #120 stated
>   that she has had no significant contact, education,
>   background, or training concerning street gangs.

The court should follow up with individual voir dire with
Juror #120 to ascertain whether Juror #120 would be able to
follow the law as instructed by the court and render a verdict

based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on this response:

> ☐ Juror #120 stated that the crime of murder is particularly upsetting (112).

**Juror #122:**  The defendant requests that Juror #122 be stricken for cause because she indicated that she has moral or religious convictions that may prevent her from sitting in judgment of another person.  The government has no objection to Juror #122.

It is

RECOMMENDED that the motion to strike for cause be denied. The court should follow up with individual voir dire with Juror #122 to ascertain whether Juror #122 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on this response:

> ☐ Juror #122 stated that she has moral or religious convictions that may prevent her from sitting in judgment of another person (106).

**Juror #126**:  The defendant requests that Juror #126 be stricken for cause because he believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang, he would find it difficult to view certain photographs and would therefore not be able to hear or see all of the evidence in an unbiased manner, he indicated he

would be more likely to believe witnesses introduced by the government, and he would be so upset by the evidence of the charges against defendant that his participation would be meaningless. The government has no objection to Juror #126.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #126 reflects only his opinion and does not indicate that he would be incapable of rendering a fair and just verdict:

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #126 stated that he has had no significant contact, education, background, or training concerning street gangs.

The court should follow up with individual voir dire with Juror #126 to ascertain whether Juror #126 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:

☐ Juror #126 stated that he would judge expert witnesses based on the soundness of their opinions and not by which side calls the witness, but he also stated that he would trust expert witnesses called by the prosecution more than those called by the defense (79).

☐ Juror #126 stated that he has some concerns about viewing photographs of crime scenes and autopsies (107).

☐ Juror #126 stated that the crime of malicious murder is particularly upsetting (112).

63

**Juror #130**:  The defendant requests that Juror #130 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang, she would find it difficult to view certain photographs and would therefore not be able to hear or see all of the evidence in an unbiased manner, and she is so intimidated by the nature of the charges that she cannot serve. The government has no objection to Juror #130 but requests additional voir dire on the issue of caring for the juror's small children.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #130 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #130 stated that she has had no significant contact, education, background, or training concerning street gangs.

The court should follow up with individual voir dire with Juror #130 to ascertain whether Juror #130 would be able to follow the law as instructed by the court and render a verdict based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:

Case 4:02-cr-00116-HFS   Document 432   Filed 07/12/06   Page 64 of 82



☐ Juror #130 stated that she has small children to care for (85).

☐ Juror #130 stated that she would be so intimidated by the nature of the charges that she could not serve on the jury (98).

☐ Juror #130 stated that she has some concerns about viewing photographs of crime scenes and autopsies (107).

**Juror #133:**  Defendant requests that Juror #133 be stricken for cause because he would be so upset by the evidence of the charges against defendant that his participation would be meaningless.  The government has no objection to Juror #133 but requests additional voir dire on the juror's hearing difficulties and his alleged financial hardship.

It is

RECOMMENDED that the court deny the motion to strike for cause.  The court should follow up with Juror #133 on the following responses:

☐ Juror #133 stated that he is unemployed and is currently looking for work (85).

☐ Juror #133 stated that he has hearing difficulties (85).

**Juror #134**:  The government requests Juror #134 be stricken for cause because Juror #134 indicated she would disregard testimony by witnesses with plea agreements and because she believes it should be legal to possess and sell cocaine.  The government also notes that Juror #134 claims she will suffer a financial hardship if she is elected to serve (the government

65

indicated that Juror #134 is self-employed; however, she does not report being self-employed, rather she is a financial advisor for a financial group). The defendant requests that Juror #134 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang and she would automatically believe cooperating witnesses.

It is

RECOMMENDED that the requests to strike for cause be denied. The following answer by Juror #134 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

- ▫ Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #134 stated that she has had no significant contact, education, background, or training concerning street gangs.

The defendant argues that Juror #134 would automatically believe cooperating witnesses. However, Juror #134 was asked how she felt about plea agreements, and she wrote, "I don't think such consideration should ever be given to a witness." Juror #134 did not state that she would automatically believe or automatically disbelieve the testimony of a cooperating witness.

The court should follow up with individual voir dire with Juror #134 to ascertain whether Juror #134 would be able to follow the law as instructed by the court and render a verdict

66

based on that law and the facts as found unanimously by the jury. Specifically, the court should follow up on these responses:

☐ Juror #134 stated that she did not think plea agreements should be given (80).

☐ Juror #134 stated that she believes possession and sale of marijuana, cocaine, and crack cocaine should be legal (82, 83).

☐ Juror #134 stated that she would experience financial hardship if selected to serve (85). She is a financial advisor (11).

## IV. *OBJECTIONS THAT SHOULD BE DENIED WITHOUT FOLLOW-UP VOIR DIRE*

**Juror #4**: The defendant requests that Juror #4 be stricken for cause because he believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang. The government has no objection to Juror #4.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #4 reflects only his opinion and does not indicate that he would be incapable of rendering a fair and just verdict:

▫ Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #4 stated that the only contact, education, background, or training concerning street gangs was "a long time ago in high school".

**Juror #9:** The defendant requests that Juror #9 be stricken for cause because she believes an individual who is a member of a

67

street gang is more prone to violence or crime than one not a member of a street gang.  The government has no objection to Juror #9.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #9 reflects only his opinion and does not indicate that he would be incapable of rendering a fair and just verdict:

◻ Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #9 stated that she has had no significant contact, education, background, or training concerning street gangs.

**Juror #10:**  The defendant requests that Juror #10 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang.  The government has no objection to Juror #10.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #10 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

◻ Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #10 stated that she has had no significant contact, education, background, or training concerning street gangs.

68

**Juror #14:**  The defendant requests that Juror #14 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang.  The government has no objection to Juror #14.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #14 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

- □ Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #14 stated that she has had no significant contact, education, background, or training concerning street gangs.

**Juror #18:**  The defendant requests that Juror #18 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang.  The government has no objection to Juror #18.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #18 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #18 stated that she has had no significant contact, education, background, or training concerning street gangs.

**Juror #21:** The defendant requests that Juror #21 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang. The government has no objection to Juror #21.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #21 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #21 stated that she has had no significant contact, education, background, or training concerning street gangs.

**Juror #28:** The defendant requests that Juror #28 be stricken for cause because he believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang. The government has no objection to Juror #28.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #28 reflects only his opinion and does not indicate that he would be incapable of rendering a fair and just verdict:

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #28 stated that he has had no significant contact, education, background, or training concerning street gangs.

**Juror #31:** The defendant requests that Juror #31 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang. The government has no objection to Juror #31.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #31 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #31 stated that she has had no significant contact, education, background, or training concerning street gangs.

**Juror #33:** The defendant requests that Juror #33 be stricken for cause because he believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang. The government has no

71

objection to Juror #33.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #33 reflects only his opinion and does not indicate that he would be incapable of rendering a fair and just verdict:

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #33 stated that he has had no significant contact, education, background, or training concerning street gangs.

**Juror #36:** The defendant requests that Juror #36 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang. The government has no objection to Juror #36.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #36 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #36 stated that she has had no significant contact, education, background, or training concerning street gangs.

**Juror #42:** The defendant requests that Juror #42 be stricken for cause because he cannot render a verdict without

72

allowing prejudice and sympathy to influence his decision, the
nature of the charges or so intimidating he could not serve, and
he has moral or religious convictions that prevent him from
sitting in judgment of another.   The government has no objections
to this juror.

It is

RECOMMENDED that the request to strike for cause be denied.
None of defendant's objections are supported by the
questionnaire.

- Defendant argues that Juror #42 indicated he would be unable
  to serve as a juror because he would allow prejudice and
  sympathy to influence his decision, citing questions 94 and
  95.  However, in response to question 94, "Can you render a
  verdict without allowing sympathy or prejudice to influence
  your decision in any way?" Juror #42 checked "yes".   In
  response to question 95, "Can you render a verdict based
  only on the evidence and the law as instructed by the
  court?", Juror #42 checked "yes".

- Defendant argues that Juror #42 would be so intimidated by
  the nature of the charges that he would be unable to serve,
  citing question 98.  However, in response to question 98,
  "The charges in this case include allegations that the
  defendant was a member of a street gang, and that he
  committed attempted murders and murders as a member of this
  gang and in furtherance of the charged drug conspiracy. . .
  .  [W]ould you feel so intimidated by the nature of these
  charges that you would feel unable to serve as a juror in
  this matter?", Juror #42 checked "no".

- Defendant argues that Juror #42 has moral or religious
  convictions that prevent him from sitting in judgment of
  another, citing question 106.  However, in response to
  question 106, "Do you have any moral or religious
  convictions that may prevent you from sitting in judgment of
  another person?", Juror #42 checked "no".

Case 4:02-cr-00116-HFS   Document 432   Filed 07/12/06   Page 73 of 82

**Juror #51:**  The defendant requests that Juror #51 be stricken for cause because he believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang.  The government has no objection to Juror #51.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #51 reflects only his opinion and does not indicate that he would be incapable of rendering a fair and just verdict:

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #51 stated that he has had no significant contact, education, background, or training concerning street gangs.

**Juror #52:**  The defendant requests that Juror #52 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang and because she would be intimidated by the nature of the charges.  The government has no objection to this juror.

It is

RECOMMENDED that the request to strike for cause be denied. Defendant's objections are not supported by the questionnaire:

- Juror #52 did not state that members of a street gang are more prone to violence.  She stated that it is "possible".

74

◻ Juror #52 did not state that she feels unable to serve as a juror due to being "so intimidated by the nature of these charges", rather she wrote, "I would have difficulty with a capital punishment decision." This case is not a capital case and Juror #52 will not be called on to vote for a sentence of death.

**Juror #53:** The defendant requests that Juror #53 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang. The government has no objection to Juror #53.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #53 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

◻ Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #53 stated that she has had no significant contact, education, background, or training concerning street gangs.

**Juror #66:** The defendant requests that Juror #66 be stricken for cause because she would be more likely to believe witnesses introduced by the government than the defense. The government has no objection to Juror #66.

It is

RECOMMENDED that the request to strike for cause be denied. The defendant's objection is not supported by the questionnaire.

75

Defendant argues that Juror #66 indicated she would be more likely to believe witnesses introduced by the government, citing question number 79. However, question 79 reads as follows:

Sometimes at trials, experts in science, medicine, or other fields are employed and paid by the prosecution and defense to give opinions and testify in the case. Choose all of the following statements which accurately describe how you would consider such expert testimony:

Juror #66 checked the following:

A.   I would judge the testimony of an expert witnesses [sic] based upon education and experience of the expert, and the soundness of the reasons given for the expert's opinions, and not based upon which side calls the witness;

E.   Other (please explain) *I would have to understand what they are saying without feeling overwhelmed.*

Juror #66 did not indicate in any way that she would be more likely to believe a government witness.

**Juror #72:**  The defendant requests that Juror #72 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang. The government has no objection to Juror #72.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #72 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #72 stated that she has had no significant contact, education, background, or training concerning street gangs.

**Juror #88:**  The defendant requests that Juror #88 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang.  The government has no objection to Juror #88.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #88 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #88 stated that she has had no significant contact, education, background, or training concerning street gangs.

**Juror #105:**  The defendant requests that Juror #105 be stricken for cause because he believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang.  The government has no objection to Juror #105.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #105 reflects only his opinion and

Case 4:02-cr-00116-HFS   Document 432   Filed 07/12/06   Page 77 of 82

does not indicate that he would be incapable of rendering a fair and just verdict:

- ▫ Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #105 stated that he has had no significant contact, education, background, or training concerning street gangs.

**Juror #106:** The defendant requests that Juror #106 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang. The government has no objection to Juror #106.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #106 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

- ▫ Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #106 stated that she has had no significant contact, education, background, or training concerning street gangs.

**Juror #108:** The defendant requests that Juror #108 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang. The government has no objection to Juror #108.

It is

78

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #108 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

> □ Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #108 stated that she has had no significant contact, education, background, or training concerning street gangs.

**Juror #110:** The defendant requests that Juror #110 be stricken for cause because she believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang. The government has no objection to Juror #110.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #110 reflects only her opinion and does not indicate that she would be incapable of rendering a fair and just verdict:

> □ Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #110 stated that she has had no significant contact, education, background, or training concerning street gangs.

**Juror #129:** The defendant requests that Juror #129 be stricken for cause because he believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang. The government has no

objection to Juror #129.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #129 reflects only his opinion and does not indicate that he would be incapable of rendering a fair and just verdict:

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #129 stated that he has had no significant contact, education, background, or training concerning street gangs.

**Juror #131:** The defendant requests that Juror #131 be stricken for cause because he believes an individual who is a member of a street gang is more prone to violence or crime than one not a member of a street gang. The government has no objection to Juror #131.

It is

RECOMMENDED that the request to strike for cause be denied. The following answer by Juror #131 reflects only his opinion and does not indicate that he would be incapable of rendering a fair and just verdict:

- Believing that a member of a street gang is more likely to be prone to violence or to crime than one who is not a member of a street gang, especially since Juror #131 stated that he has had no significant contact, education, background, or training concerning street gangs.

Case 4:02-cr-00116-HFS   Document 432   Filed 07/12/06   Page 80 of 82

## V.  JUROR REQUEST TO BE EXCUSED

Juror #127:  Juror #127 wrote the following on a copy of his jury summons:  "I served in Jackson County in January for 5 days.  I need to be released from this duty.  I have a bank note coming due in October."  The parties object to the request to be excused on the ground that Juror #127 does not state that serving on this jury will preclude him from satisfying his bank note.  Neither party requests that this juror be excused or that any further voir dire be done other than to clarify his letter to the court (Tr. at 30).

It is

RECOMMENDED that the court follow up with individual voir dire with Juror #127 to ascertain the following:

☐  How Juror #127 will be affected financially by serving on this jury (i.e., how will serving on this jury preclude him from satisfying the bank note due in October).

## VI.  JURORS TO WHOM NEITHER PARTY OBJECTS

Finally, for the sake of completeness, the following jury panel members are not challenged by either party and require no follow-up voir dire:

Juror #6

Juror #12

Juror #32

Case 4:02-cr-00116-HFS   Document 432   Filed 07/12/06   Page 81 of 82

Juror #96

Juror #117

(Tr. at 30).

                                                 /s/ Robert E. Larsen
                                               ROBERT E. LARSEN
                                               United States Magistrate Judge

Kansas City, Missouri
July 12, 2006