# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | Plaintiff, ) | |
| vs. | ) | Case No. 02-00116-03-CR-W-FJG |
| | ) | |
| Steve L. Wright, Jr., | ) | |
| | Defendant. ) | |

**AMENDED ORDER**

After reviewing the government's Order of Proof (Doc. No. 393), the government's Revised Order of Proof (Doc. No. 426), defendant's Order of Proof (Doc. No. 437), and the parties' respective exhibit lists and witness lists (Doc. Nos. 354, 385, 392, 395, and 430), the Court has concerns about the length of time proposed for the trial of the above-referenced case. In particular, the Court believes there is unnecessary cumulative evidence which consumes more time than its probative value justifies. The Court's time is a public commodity which should not be squandered. The public has a right to a just, speedy and inexpensive determination of every action. That right is infringed upon if a Court allows a case to preempt more than its reasonable share of the Court's time. This Court has the inherent power to secure fairness in the administration of justice and eliminate unjustified delay and expense as codified in Rules 403 and 611(a) of the Federal Rules of Evidence. See United States v. Reaves, 636 F.Supp. 1575 (E.D. Ky. 1986); United States v. Hildebrand, 928 F.Supp. 841 (N.D. Iowa 1996); United States v. Vest, 116 F.3d 1179, 1187 (7th Cir. 1997)(approving the use of flexible time limitations set by the District Court, which were "reasonably anchored" to the parties' own requests for time). In furtherance of those rules, the Court believes it is necessary to impose the following time constraints on the parties in the trial of this case. The Court believes the following constraints will avoid

needless consumption of time, protect witnesses against unnecessary harassment, and foster the ascertainment of the truth.

Therefore, the Court being advised,

**IT IS ORDERED THAT:**

1. The United States and defendant shall be given no more than **90 minutes** each side for opening statement;

2. The United States shall be allowed a total of **18** trial days, commencing with the calling of the first witness, in which to present its case-in-chief;

(This time includes reasonable time for cross-examination by defendant. If defendant's cross-examination or plaintiff's direct examination is excessive, the Court will take action to limit the abuser. Sanctions may include a modification in the designated time assigned to the abuser or the abused to present its case.)

3. Defendant shall be allowed a total of **2 ½** trial days, commencing with the calling of its first witness, in which to present its case-in-chief;

(This time includes reasonable time for cross-examination by the United States. If the United States' cross-examination or defendant's direct examination is excessive, the Court will take appropriate action to limit the abuser. Sanctions may include a modification in the designated time assigned to the abuser or the abused.)

4. The United States shall be allowed a limited time for rebuttal, if any rebuttal is appropriate;

5. Re-direct will be limited to new matters raised on cross-examination. Re-cross will not be permitted except for exceptional circumstances and limited to new matters

raised on re-direct;

6. A normal trial week will be three days, usually Tuesday through Thursday. A trial day is normally from **8:30 a.m. to 4:30** p.m. There will be a morning break for 10-15 minutes, a luncheon recess for 30 minutes, and two afternoon recesses of approximately 10-15 minutes each;

    a. Recesses shall not be counted as trial time unless it is necessitated by the failure of a party to raise an evidentiary issue that was known prior to trial and requires an unscheduled recess. In that case, the recessed time shall be assessed against that party;

    b. Time taken to argue all objections made by a party, which are overruled by the Court, shall be deducted from the objecting party's time. (It is anticipated that substantive or procedural objections will be raised prior to trial in the form of pretrial motions.) Time for objections which are sustained will not be excluded from the time of the proponent of the evidence;

    c. Brief objections made to preserve a point for appeal will not result in a loss of trial time. If a party wishes to renew written motions in limine previously ruled on by the Court, they need only reference that motion unless a new fact or law is to be cited;

7. Excessive use of time in the cross-examination of a witness may result in a loss of that party's trial time. This will be determined by the Court. For good cause shown, the Court may allow additional time;

8. All time limits provided for herein may be adjusted by the Court at its discretion;

9. To the extent that it is necessitated by the time limitations placed upon the

3

Case 4:02-cr-00116-HFS   Document 463   Filed 07/19/06   Page 3 of 4

parties, the parties shall file revised witness and exhibit lists on or before **10:00 a.m.** on **Friday, July 28, 2006**. The Court shall expect the full cooperation of counsel in scheduling the witnesses to appear in court in a timely manner. Counsel are expected to have enough witnesses to accommodate each trial day;

    10. The Court has scheduled a final pre-trial teleconference for **Friday, July 28, 2006**, at **11:00 a.m**. Counsel for the United States shall initiate the teleconference to the Court at telephone number (816)512-5630.

    /s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
United States District Judge

Dated:    July 19, 2006
Kansas City, Missouri