# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| United States of America, | ) |
|                    Plaintiff, | ) |
| vs. | ) Case No. 02-00116-03-CR-W-FJG |
| | ) |
| Steve L. Wright, Jr., | ) |
|                    Defendant. | ) |

## ORDER

Pending before the Court is defendant's Motion in Limine (Doc. No. 401).

On July 17, 2006, United States Magistrate Judge Robert E. Larsen entered a Report and Recommendation (Doc. No. 450) which recommended (1) denying defendant's motion as to the April 2002 undercover investigation, and (2) reserving ruling on the admissibility of Detective Cooper's expert testimony until the close of the government's case. On July 18, 2006, the Government filed objections to the Report and Recommendation (Doc. No. 457) as to the admissibility of Detective Cooper's testimony. The defense did not timely file objections to the Report and Recommendation.

The Court, after independent review of the record and applicable law, adopts and incorporates by reference herein, the magistrate's findings and conclusions. Therefore, the Court finds that defendant's motion in limine (Doc. No. 401) will be **DENIED IN PART** as it relates to the April 2002 undercover investigation. With respect to Detective Cooper's testimony, the Court notes that, in addition to the concerns raised by Judge Larsen in his Report and Recommendation,

> it is generally viewed as "improper . . . for a party to open its case with an overview witness who summarizes evidence that has not yet been presented to the jury." 6 Weinstein's Federal Evidence § 1006.04[3]. . . . [T]his practice is particularly problematic practice in criminal cases because it allows "the government to paint a picture of guilt before the [supporting] evidence has been introduced." United States v. Griffin, 324 F.3d 330, 349 (5th Cir. 2003); see United States v. Casas, 356 F.3d 104, 119 (1st Cir. 2004)(observing that agent's overview testimony essentially stated "that each of the defendants was guilty of the conspiracy charged").

United States v. Garcia, 413 F.3d 201, 214 (2d Cir. 2005). The Government's proposed introduction of Detective Cooper's testimony at the opening of its case is similarly problematic. Therefore, the Court will rule on the admissibility of Detective Cooper's testimony after the Government's case in chief has been presented.

                                                   /s/Fernando J. Gaitan, Jr.
                                                   Fernando J. Gaitan, Jr.
                                                   United States District Judge

Dated:   July 20, 2006
Kansas City, Missouri

2

Case 4:02-cr-00116-HFS   Document 466   Filed 07/20/06   Page 2 of 2