# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

United States of America,                           )
                                Plaintiff,       )
vs.                                                 )  Case No.  02-00116-03-CR-W-FJG
                                           )
Steve L.  Wright, Jr.,                              )
                            Defendant.       )

## ORDER

Pending before the Court is defendant's Motion to Authorize Clerk, U.S. District Court Western District of Missouri, to Issue a Subpoena ad Testificandum, and to Direct the U.S. Marshall [sic], Western District of Missouri, to pay the Witness Fees (Doc. No. 521).

Defendant moves for an order, pursuant to 28 U.S.C. Section 1915(c) and Rule 17(b) of the Federal Rules of Criminal Procedure, to authorize issuance of a subpoena ad testificandum to James C. Spirapoulos, Texarkana, Texas, ordering him to appear before this Court on August 31, 2006, at 9:00 a.m. to testify.  Defendant further moves for the U.S. Marshal to pay his witness fees, pursuant to 28 U.S.C. Section 1825 and 28 U.S.C. 1821. Defendant notes he has already been authorized to proceed in forma pauperis in this matter.

Defendant argues that Agent Spirapoulos is a necessary and relevant witness for trial, in that the agent took the first statement from Ramon Strickland.  Defendant states that Spirapoulos's report "attributes certain factual statements to Mr. Strickland.  In his trial testimony Mr. Strickland denied making those statements to the agent.  Establishing for the jury that Mr. Strickland did make those statements will show that he has testified falsely. Mr. Strickland's testimony is the only evidence linking the defendant to the murder of Alex Clark."

The government opposes this motion as being contrary to the Federal Rules of Evidence. The government notes that defendant merely states that Strickland denied making "certain factual statements", but that defendant does not point out what those statements were. However, the government notes that on cross-examination, the defense asked Strickland if he had made a statement in 2004 to Spirapoulos in the federal prison at Texarkana, Texas. Strickland admitted he had made such a statement. The defense also asked Strickland if he had told Spirapoulos that Clark was "walking west." Strickland responded that he did not recall making such a statement.

The government states that if the purpose of Spirapoulos' testimony is to establish character for untruthfulness, extrinsic evidence of any prior inconsistent statement is barred by Federal Rule of Evidence 608(b), which provides that the prior inconsistent statement may be inquired about on cross-examination, but that the cross-examiner must take the answer of the witness. See, e.g., United States v. Elliott, 89 F.3d 1360, 1367 (8th Cir. 1996), cert. denied, 519 U.S. 1118 (1997).

If, on the other hand, the testimony of Spirapoulos is not sought to establish a character of untruthfulness, then the inquiry is governed by Federal Rule of Evidence 613(b). This rule allows the introduction of extrinsic evidence for impeachment; but a prior inconsistent statement concerning a collateral matter is inadmissible as extrinsic evidence. United States v. McCrady, 774 F.2d 868, 873 (8th Cir. 1985) (citing United States v. Harris, 542 F.2d 1283, 1306 (7th Cir. 1976), cert. denied, 430 U.S. 934 (1977)).

The government argues that "Clark was going west" is a collateral statement. The government notes that Strickland was not a witness to the murder, but was trying to recall in 2004 what Wright told him about the murder in 2001. The government also states that according to Strickland, Wright stopped Clark on the street and a confrontation occurred just prior to the shooting, and given this, the direction the victim may have been walking (after a confrontation and before being struck by several .45-caliber slugs which could have

2

caused him to fall in any direction) is immaterial and collateral. Defendant responds that this is not a collateral matter because "the government chose to rest a criminal prosecution on these witnesses [jail house snitches] and the issue of whether they lied is not collateral, it is central."

After considering the parties' positions, the Court finds that defendant's motion (Doc. No. 521) should be **DENIED.** Strickland was cross-examined extensively at trial through the use of Spirapoulos's report. To the extent that defendant seeks to prove through Spirapoulos's testimony Strickland's character for untruthfulness, that testimony would be inadmissible. Further, after reviewing the parties' briefs and the transcript of Strickland's testimony, the Court finds that the direction that Alex Clark was walking prior to being shot is a collateral matter (particularly given that Strickland was not a witness to the murder, but was relating what defendant allegedly told him about the murder).

Therefore, for the foregoing reasons, defendant's motion (Doc. No. 521) is **DENIED.**

**IT IS SO ORDERED.**

 /s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
United States District Judge

Dated:   August 28, 2006
Kansas City, Missouri

3