# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 02-00116-03-CR-W-FJG |
| | ) |
| Steve L. Wright, Jr., | ) |
| Defendant. | ) |

## ORDER

On July 17, 2006, United States Magistrate Judge Robert E. Larsen entered a Report and Recommendation (Doc. No. 450) which recommended (1) denying defendant's motion as to the April 2002 undercover investigation, and (2) reserving ruling on the admissibility of Detective Cooper's expert testimony until the close of the government's case. On July 20, 2006, this Court entered its Order (Doc. No. 466) adopting the magistrate's findings and conclusions. The Court reserved ruling on the admissibility of Detective Cooper's expert testimony until the close of the government's case. That time has now arrived.

The government has stated that it plans to introduce Detective Cooper's testimony as to three issues: (1) Kansas City Street Gangs, unlike LA Street Gangs, are hybrids, occasionally showing interaction between Bloods and Crips; (2) Drugs are the financial commerce of Kansas City Street Gangs; and (3) Kansas City Street Gangs fight to protect turf, establish dominance, and control access to drug customers and supply.

Defendant objects, noting that (1) the testimony of Detective Cooper is based on hearsay (perhaps double or triple hearsay) and is therefore not admissible under Rule 701; (2) the testimony is not admissible under Rule 702 because it is not based on sufficient facts and data or is the product of reliable principles and methods; and (3) the testimony is irrelevant as to the comparison of Kansas City gangs to L.A. gangs, and is cumulative as to drugs sales and turf wars. Defendant further notes that expert testimony is unnecessary for the jury to understand that gangs sell drugs and are violent, and notes that

these points can be argued in the government's closing argument from the evidence already introduced.

The government responds that it is not seeking to introduce Detective Cooper's testimony under Rule 701; instead, it is seeking to introduce the testimony under Rule 702. Therefore, the government states that defendant's first argument does not matter. Defendant further adds that gang experts have been allowed to testify under the Daubert standards, citing a variety of cases.

The Court, however, finds defendant's final argument to be the most persuasive. The government argues that the common public perception about street gangs is that they follow the Los Angeles model; however, the testimony already demonstrates that Kansas City street gang members occasionally transact business with one another, live in close proximity, and sometimes attend the same schools. In fact, the evidence presented to-date in this case only confirms all of the above with respect to the interactions of Kansas City gangs, and the defendant has argued no evidence to the contrary. Expert testimony is unnecessary on this point. The government also argues that without expert testimony, "the jury is also left to speculate as to any connection between the charged conspiracy and various acts of violence. . . ." However, as discussed by defendant, the connections can be argued in the government's closing statement based on the evidence already introduced. Again, the prosecution has put on a great deal of evidence as to drug deals and gang violence, and the jury does not need an expert to tell them that drug deals or violence are symptomatic of gangs. In fact, this sort of testimony falls within the realm of common sense conclusions that a juror could reach without the need for an expert witness, and the remainder of the testimony has the potential of circumventing "the jury's decision making function by telling it how to decide the case." See Specht v. Jensen, 853 F.2d 805, 808 (10th Cir. 1988).

In short, this Court finds that Detective Cooper's testimony to be cumulative and

unnecessary.  Defendant's motion in limine regarding Detective Cooper's testimony (Doc. No. 401) is therefore **GRANTED**, and Detective Cooper will be precluded from testifying as an expert in this matter.

    **IT IS SO ORDERED.**

                                                   /s/Fernando J. Gaitan, Jr.
                                                   Fernando J. Gaitan, Jr.
                                                   United States District Judge

Dated:  August 29, 2006
Kansas City, Missouri