IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | No. 02-00116-03-CR-W-FJG |
| | ) | |
| STEVE L. WRIGHT, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM AND RESPONSE TO PRESENTENCE INVESTIGATION REPORT

Comes now the United States of America, by and between its undersigned attorneys, and respectfully submits this response to the draft of the Presentence Investigation Report which was filed on November 27, 2006.

The following objections/clarifications are noted:

Paragraph 21, p. 12:   Delete. While accurate, this evidence was not introduced at trial by the Government.

Paragraph 22, p. 12:   Delete. While accurate, this evidence was not introduces at trial by the Government.

Paragraph 32, p. 15:   Delete. While accurate, this evidence was not introduced at trial by the Government.

Paragraph 33, p. 15:   To clarify the ballistics evidence introduced at trial, this paragraph should be amended to read:

"Casings recovered from the scene matched (were fired by) a .45 caliber, Hi-Point handgun and a .40 caliber, Glock handgun recovered from the residence of Wright's parents on July 13, 2000. Wright was discovered hiding in the residence at the time. Other, 7.62x39, shell casings from this crime scene also matched (were fired by) a Norinco MAK-90 assault rifle which was found in front of Wright's grandmother's home at 5033 Bellefountaine, Kansas City, Missouri, on August 17, 2000. (Wright was hospitalized at the time of the recovery of this weapon.) Shell casings from the

Hector Santos murder (see below) were also determined to have been fired from this weapon. (Alex Clark was later murdered by Wright on June 29, 2001. See below.)

| | |
|---|---|
| Paragraphs 34, 35, p. 15: | Move the last line from paragraph 35 to paragraph 34. Change the date in paragraph 35 to "July 13, 2000." |
| Paragraph 36, p. 16: | Delete the last sentence. While accurate, this evidence was not offered by the Government at trial. |
| Paragraph 45, p. 17: | Add: "Wright was hospitalized as a result of this shooting." |
| Paragraph 46, p. 17: | Add: "Wright was still in the hospital at the time of the shooting of Hamilton, and was not released until after the recovery of the weapon at his grandmother's house. An inference can be drawn from the evidence, however, that other members of the 51st Street Crips used this weapon to retaliate against Hamilton following the shooting of Wright and John Roberts on August 16, 2000." |
| Paragraph 47, pp. 18-19: | Change "Tommy Simmons" to "Roland Jordan." |
| Paragraph 49, p. 18: | Delete. While accurate, this evidence was not introduce by the Government at trial. |
| Paragraph 50, p. 18: | Delete "whom Wright later identified as his mother". While accurate, this evidence was not introduced at trial. |
| Paragraph 53, p. 18: | Change first two sentences to read: |

"Williams, Brown, and Birks then met with Rashawn Long, who had driven to the meeting with Wright in a stolen pickup truck. Long discussed the plans for robbing Conaway with Williams. Long and Wright then drove in the pickup truck to meet with Conaway, while Williams, Birks, and Brown drove to this meeting in Williams' vehicle."

| | |
|---|---|
| Paragraph 54, p. 19: | Delete first sentence. Also delete, "doubled back to the scene of the shooting" in the second sentence. |

| | |
|---|---|
| Paragraph 55, p. 19: | Change "with Wright present" to "while Wright waited in an adjoining room". |
| Paragraph 56, p. 19: | Delete "During the above meeting." Change "Muse" to "Mews." Change last sentence to read: "The girlfriend's apartment was burglarized, but the PCP and cash could not be found." |
| Paragraph 57, p. 19: | Change "purchase" to "get." |
| Paragraph 60, p. 19: | Change "Long and Wright both began shooting" to "Long began shooting". Change last sentence to: "Brown became a target as Long and Wright attempted . . . ." |
| Paragraph 62, p. 20: | Change: "As the vehicle passed, shots were fired" to "Occupants of the Caprice left their vehicle and fired shots at the Williams' car." |
| Paragraph 63, p. 20: | Delete the last sentence, beginning with "Gerald Johnson." While accurate, this evidence was not introduced at trial. |
| Paragraph 98, p. 20: | Change last sentence to read: " Roberts learned of these matters from conversations with both Jamal Norris and Wright." |
| Paragraph 101, pp. 28-9: | This table does not include the amounts about which the various cooperating witnesses testified (¶¶ 84-100). Accordingly, it drastically understates the amounts of drugs for which Wright should be held accountable, even when allowing for some double-counting of the amounts seized and reflected in the table. The Government respectfully objects to the omission of those amounts. |
| Paragraph 103, p. 30: | Alex Clark and Michael Birks are not the only homicide victims of Wright. Wright was also charged with, and convicted of, the murder of Hector Santos. Evidence was also introduced, in furtherance of the conspiracy charged in Count One, which showed that Wright had shot and killed |

|  |  |
|---|---|
| | both Reginald Blake and David Williams. The families of these victims should also be notified.[1] |
| Paragraph 110, p. 31: | Insert "each, consecutive," after "25 years." *See, e.g., United States v. Allee*, 299 F.3d 996, 1003 (8th Cir. 2002) (imposition of consecutive sentences for two convictions under section 924(c) in same case, where the offenses arose out of different incidents on separate occasions); *accord United States v. Davis*, 103 F.3d 660, 677 (8th Cir. 1996), *cert. denied*, 520 U.S. 1258 (1997). |

Accordingly, statutory minimum sentences which apply are as follows:

| | |
|---|---|
| Counts 1, 2, 3, 5, 8, 12, 13, and 14 (drug offenses, grouped): | NLT 10 Years (consecutive) |
| Count 4 (Hector Santos murder, section 924(c),(i): | NLT 10 Years (consecutive) |
| Count 6 (Conaway and Hill shootings, 9245 (c): | NLT 25 Years (consecutive) |
| Count 7 (Birks murder, section 1512(a)(1), (3)(A)): | NLT Life Imprisonment |
| Count 9 (Reymundo Gonzalez shooting, 924(c): | NLT 25 Years (consecutive) |
| Count 11 (Alex Clark murder 924(c)(I): | NLT 25 Years (consecutive) |
| Count 15 (924(c) violations of 10/3/01: | NLT 25 Years (consecutive) |

The total of these minimum sentences is, therefore, Life plus a consecutive 120 years. (The PSR, in paragraph 182, erroneously omits the statutory minimum sentence for Count One.)

Paragraph 117, p. 31:   Change "Robert Martin" to "John Roberts."

---

[1] The Government respectfully requests that the court enter a finding on the record at sentencing that the evidence proved that Wright was responsible for the deaths of Blake and Williams, in order to provide some closure for these victims' families.

| | |
|---|---|
| Paragraph 123, p. 32: | Change "Robert Martin" to "John Roberts." |
| Paragraph 182, p. 43: | See the notes above regarding paragraph 110. |
| Paragraph 194, p. 44: | The forfeiture count was conceded by Wright and his counsel in open court following his conviction on the substantive counts; there was no jury finding on the forfeiture count. |

Respectfully submitted,

Bradley J. Schlozman
United States Attorney

By  /s/ *Charles E. Ambrose, Jr.*

Charles E. Ambrose, Jr.
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, 5th Floor
Kansas City, Missouri  64106
Telephone:  (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on December 6, 2006 to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

William E. Shull, Esquire
104 West Kansas
Liberty, Missouri  64068

Martin D. Warhurst, Esquire
1125 Grand Boulevard
Suite 704
Kansas City, Missouri  64106

 /s/ *Charles E. Ambrose, Jr.*
Charles E.  Ambrose, Jr.
Assistant United States Attorney